UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HILT CONSTRUCTION & MANAGEMENT
CORPORATION,
              Plaintiff,

v.

THE PERMANENT MISSION OF CHAD TO
THE UNITED NATIONS IN NEW YORK,
              Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 6421 (VB)

Briccetti, J.:

    Plaintiff Hilt Construction & Management Corporation ("Hilt") brings this action for breach of contract, <u>quantum meruit</u>, and account stated against the Permanent Mission of Chad to the United Nations in New York (the "Mission").

    Before the Court is the Mission's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the default judgment entered against it by the Court on March 20, 2017. (Doc. #30).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    This case arises from a construction contract dispute. Specifically, Hilt alleges the Mission owes it approximately $1.4 million related to the renovation of the residence of the Mission's ambassador.

    In an earlier-filed related case initiated by Hilt on November 5, 2015, under docket number 15 CV 8693 (VB), Hilt sued the Mission and the ambassador whose residence was being renovated for breach of contract, among other claims. On November 30, 2015, defendants

1

moved to dismiss the complaint. By Opinion and Order dated June 14, 2016, the Court (i) dismissed the claims brought against the ambassador with prejudice for lack of subject matter jurisdiction, because the Court found the ambassador enjoys diplomatic immunity from this lawsuit, and (ii) dismissed the claims against the Mission without prejudice for lack of personal jurisdiction, because the Court determined the Mission had not been properly served with process under the requirements of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a).

On August 12, 2016, Hilt filed its complaint in this action against the Mission only.

On October 24, 2016, Hilt filed an affidavit of service certifying that the summons and complaint had been served on the Mission in compliance with the FSIA on October 6, 2016. Specifically, the summons and complaint and other required documents had been sent by Federal Express to Chad's Ministry of Foreign Affairs in N'Djamena, Chad, in accordance with 28 U.S.C. § 1608(3). The package was addressed to Minister Moussa Faki Mahamat. (Doc. ##12, 12-1, 12-2).

The Mission failed to timely answer the complaint. Accordingly, by Order to Show Cause dated February 15, 2017, Hilt moved for a default judgment against the Mission. On March 17, 2017, the Court held a conference, at which counsel for the Mission failed to appear. On March 20, 2017, the Court entered judgment in favor of Hilt, and the case was closed. (Doc. #16).

On April 28, 2017, counsel for the Mission appeared in the case. By letter-motion of the same date, the Mission's counsel informed the Court that the Mission had received a restraining notice and writ of execution from its bank effectively freezing the Mission's bank account. In its letter, the Mission sought an order vacating the restraining notice and writ of execution. In

addition, the Mission's counsel informed the Court he intended to move to set aside the default judgment.

On May 3, 2017, the United States, a non-party, filed a Notice of Statement of Interest explaining its position that (i) under the relevant international agreements to which the United States is a signatory, garnishment of funds from a foreign state's official bank account is not permitted; and (ii) Hilt did not follow the required procedures to enforce a default judgment against the Mission, including by failing to serve the default judgment on the Mission. (Doc. #20).

By letter dated May 5, 2017, Hilt responded to the issues raised in the Mission's letter-motion. (Doc. #22).

On May 10, 2017, the Court held a conference attended by counsel for both parties, as well as counsel for the government, and heard argument regarding the restraining notice and writ of execution on the Mission's bank account.

By Order dated May 16, 2017, the Court vacated with immediate effect the restraining notice and the writ of execution, and enjoined the New York City Marshal from "taking any steps to physically levy upon defendant's personal property pursuant to" the writ of execution. (Doc. #28).

On May 23, 2017, the Mission moved to vacate the default judgment.

## DISCUSSION

I. <u>Legal Standard</u>

Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part that the district court "may set aside a final default judgment under Rule 60(b)."

Under Rule 60(b), a district court may, on a motion:

> relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)).

"A motion to vacate a default judgment is 'addressed to the sound discretion of the district court.'" New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quoting State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d at 166.

In the Second Circuit there is "a strong 'preference for resolving disputes on the merits.'" New York v. Green, 420 F.3d at 104 (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)). This is particularly important in this context, where "a default judgment is 'the most severe sanction which the court may apply.'" Id. (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)). "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Id. (citation omitted).

II. <u>Application</u>

The Mission argues the Court should vacate the default judgment because it did not act willfully, it has demonstrated that it has a meritorious defense, and vacating the default will not prejudice Hilt.

The Court agrees.

First, the Mission's default was not willful.

Willfulness requires "'something more than mere negligence,' such as 'egregious or deliberate conduct,' although 'the degree of negligence in precipitating a default is a relevant factor to be considered.'" <u>New York v. Green</u>, 420 F.3d at 108 (quoting <u>Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.</u>, 92 F.3d 60, 61 (2d Cir. 1996)).

The Mission submitted an affidavit of Moustapha Alifei, Ambassador to the Permanent Mission of Chad to the United Nations, who "handle[s] the administration of the Permanent Mission." (Konan Aff. Ex. P at ¶ 1). Ambassador Alifei explained that because the Federal Express package containing the summons and complaint was "addressed personally" to Minister Moussa Faki Mahamat at the Ministry of Foreign Affairs in N'Djamena, Chad, and because Minister Mahamat was not present at the time the package was received, no one else in that office opened the package. (<u>Id.</u> at ¶ 7). This demonstrates perhaps a careless oversight, but not willfulness. Moreover, the Mission appeared in and defended itself in Hilt's first case, which suggests to the Court an intent to defend itself in this nearly identical case. Finally, the Court credits defense counsel's representation—supported by the Affirmation of Mahamat Nourene Abderaman, the First Secretary of the Mission—that the Mission only learned of this action when it received the restraining notice and writ of execution from its bank. (<u>See</u> Docs. ##18, 18-4).

Second, the Mission has a meritorious defense.

5

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively . . . but he must present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) (internal citations and quotations omitted).

Here, each party contends the other breached the construction contract at issue. Hilt alleges the Mission breached the contract by failing to make full and timely payments for work performed under the contract. The Mission claims Hilt breached the contract when it commenced the second phase of the construction project even though the first phase had not yet been completed, and when it charged the Mission sums beyond the agreed-upon budget for the project. Each party has submitted some evidence in support of its position. (See e.g., Konan Aff. Exs. A-I). Based on this evidence, a trier of fact could credit the Mission's side of the story and determine Hilt, not the Mission, breached the contract. Thus, the Mission has sufficiently demonstrated it has a complete and meritorious defense. See Vedder Price P.C. v. US Capital Partners, LLC, 2017 WL 4180021, at *4 (S.D.N.Y. Sept. 20, 2017) ("The Court need not draw any definitive conclusions about the persuasiveness of this putative defense—that Defendants have 'present[ed] some evidence' supporting a meritorious defense is sufficient to justify vacatur.") (citation omitted).

Finally, Hilt will not be prejudiced by vacatur of the default.

"Some delay is inevitable when a motion to vacate a default judgment is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice.'" New York v. Green, 420 F.3d at 110 (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "Something more is needed." Id. "For example, delay 'may thwart plaintiff's recovery or remedy. It also may result

in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Id. (quoting 10A Charles A. Wright, et al., FED. PRACTICE & PROCEDURE: CIVIL § 2699, at 169 (3d ed. 1998)).

Here, Hilt argues it will be prejudiced because it "advanced significant amounts of its own money in 2015 and has waited since then . . . to recoup its monies." (Opp'n at 17). However, this essentially is nothing more than a complaint that there will be further delay. Moreover, the fact that there is a large sum of money at stake weighs in favor of vacating the default judgment, not against it. See Horn v. Intelectron Corp., 294 F. Supp. 1153, 1155 (S.D.N.Y. 1968) ("Matters which involve large sums of money should not be determined by default judgments if it can reasonably be avoided."). Finally, the Court sees no reason to anticipate issues related to lost evidence, discovery difficulties, or fraud or collusion if it allows this case to proceed and the Mission to defend itself.

Accordingly, vacatur of the default judgment is appropriate here.

## CONCLUSION

The Mission's motion to vacate the default judgment is GRANTED.

By October 20, 2017, the Mission shall answer, move, or otherwise respond to the complaint.

The Clerk is instructed to (i) terminate the motion (Doc. #30); (ii) vacate the default judgment entered on March 20, 2017 (Doc. #16); and (iii) reopen this case.

Dated: October 6, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge