UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HILT CONSTRUCTION &                            :
MANAGEMENT CORPORATION,                         :
                          Plaintiff,           :
                                               :          **MEMORANDUM OPINION**
                                               :          **AND ORDER**
v.                                             :
                                               :          16 CV 6421 (VB)
THE PERMANENT MISSION OF CHAD TO               :
THE UNITED NATIONS IN NEW YORK,                :
                          Defendant.           :
------------------------------------------------------------------x

Briccetti, J.:

The Court presided over a bench trial in this matter from June 17 to June 21, 2019. On

July 22, 2019, the Court issued a bench ruling (i) holding that Hilt Construction & Management

Corp. ("Hilt") was entitled to judgment on its breach of contract claim and awarding Hilt

$75,000 in damages; (ii) dismissing The Permanent Mission of Chad to the United Nations in

New York's (the "Mission") breach of contract counterclaim; and (iii) holding that the Mission

was entitled to judgment dismissing Hilt's quantum meruit and account stated claims.

The Court did not direct the Clerk to enter judgment, because Hilt indicated at the time of

the bench ruling that it sought prejudgment interest on its breach of contract claim. Instead, the

Court ordered Hilt to submit a letter outlining (i) the legal basis for its request for prejudgment

interest, (ii) the date from which it believed prejudgment interest should be calculated, and

(iii) the prejudgment interest rate it sought. (Doc. #76). The Court also ordered the Mission to

respond to Hilt's submission by letter.

On July 29, 2019, Hilt submitted a letter in compliance with the Court's July 22 Order.

(Doc. #77). The Mission responded on August 2, 2019. (Doc. #78). In addition to opposing

Hilt's request for prejudgment interest, the Mission seeks a "post-trial motion to amend" (id.),

which the Court construes as a motion for reconsideration of its July 22 bench ruling.

For the following reasons, Hilt's request for prejudgment interest is GRANTED and the

Mission's motion for reconsideration is DENIED. The Court will direct the Clerk to enter

judgment in Hilt's favor for $100,335.62, which includes $25,335.62 in prejudgment interest.

The Court assumes the parties' familiarity with the facts and procedural history of this

case.

## DISCUSSION

I.    Prejudgment Interest

Hilt argues it is entitled to $25,238.85 in prejudgment interest on the $75,000 damages

award on its breach of contract claim, calculated at nine percent per annum from November 5,

2015, to August 5, 2019.

The Court agrees, but finds Hilt is entitled to $25,335.62 in interest, from November 5,

2015, to August 6, 2019.

"The awarding of prejudgment interest is considered a question of substantive law."

Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999) (internal citation omitted).

Thus, the Court applies the choice of law rules of the forum state—here, New York—to

determine which state's substantive law applies. Id. Under New York choice of law rules, New

York law governs the award of prejudgment interest here.

Under New York law, a party may recover prejudgment interest on "a sum awarded

because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a). New York's

statutory rate of nine percent per annum applies. Id. § 5004. That rate is calculated on a simple

interest basis rather than at a compound rate. Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d

Cir. 1998), holding modified on other grounds by Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81 (2d Cir. 2001).

As for the date from which prejudgment interest is calculated:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y. C.P.L.R. § 5001(b). When the precise date upon which damages were incurred is ambiguous, the date of commencement of the action is an appropriate date from which to compute damages. See Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994) (collecting cases).

Here, Hilt requests prejudgment interest from November 5, 2015, the date on which Hilt filed a complaint in an earlier related action. Complaint, Hilt Construction & Management Corp. v. The Permanent Mission of Chad to the United Nations in New York et al., No. 15 Civ. 8693 (S.D.N.Y. Nov. 5, 2015), ECF Doc. #1. That is a "reasonable intermediate date" from which to award prejudgment interest. Nine percent interest on $75,000, from November 5, 2015, to August 6, 2019 (the date of this Order)—1,370 days—amounts to $25,335.62.

The Mission argues Hilt is not entitled to prejudgment interest because (i) Hilt has not shown it incurred interest on a loan from a bank; (ii) the Mission did not know in advance the sum of damages it owed Hilt; and (iii) both parties breached the contract. The Mission's arguments are without merit. Hilt does not need to show that it borrowed from a bank to be entitled to prejudgment interest, and the Mission does not provide any legal support for its argument that the breaching party must know in advance the sum of damages it owes the aggrieved party. Finally, the Court found that Hilt did not breach the contract; thus, the

Mission's argument would fail even if the Mission had provided legal support for its third argument (which it does not).

Accordingly, Hilt is entitled to $25,335.62 in prejudgment interest on its $75,000 damages award.

II.     Motion for Reconsideration

The Mission argues the Court improperly relied on plaintiff's exhibits ("PX") 49, 54, and 57 to calculate damages, after holding Ajaz Ahmed's testimony was generally not credible and that those exhibits did not themselves constitute reliable evidence of additional work performed due to concealed or unknown conditions. The Mission further argues the Court instead should have used "fair market value" to determine damages.

It is unclear what the procedural basis is for the Mission's so-called "post-trial motion to amend." (Doc. #78). Nevertheless, the Court construes the Mission's request as a motion for reconsideration. To that end, the Court finds the Mission has failed to demonstrate any error, clear or otherwise, in the Court's July 22 bench ruling, or any other basis to prevail on its motion.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY L. Civ. R. 6.3.

Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing

4

Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).  Mere

disagreement with the Court's decision is not a basis for reconsideration.  Pro Bono Invs., Inc. v.

Gerry, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008) (collecting cases).

Here, the Mission's argument is essentially a misunderstanding of the different standards

for determining liability and calculating damages.  "New York courts have significant flexibility

in estimating general damages once the fact of liability is established."  Tractebel Energy Mktg.,

Inc. v. AEP Power Mktg., Inc., 487 F.3d 89, 112 (2d Cir. 2007).  "If a plaintiff has shown it more

likely than not that it has suffered damages, the amount of damages need only be proved with

reasonable certainty."  Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 496 (2d Cir. 1995)

(internal citation omitted).  "Such an estimate necessarily requires some improvisation, and the

party who has caused the loss may not insist on theoretical perfection."  Tractebel Energy Mktg.,

Inc. v. AEP Power Mktg., Inc., 487 F.3d at 111.  "The law will make the best appraisal that it can,

summoning to its service whatever aids it can command."  Contemporary Mission, Inc. v.

Famous Music Corp., 557 F.2d 918, 926–27 (2d Cir. 1977) (internal quotations and alterations

omitted).  Thus, to the extent the Court declined to rely upon PX 49, 54, and 57 and Ahmed's

testimony as to whether the Mission breached the contract by failing to pay for additional work

necessitated by concealed or unknown conditions, once the Court found that there was a breach,

that evidence was still relevant to determining damages.

Moreover, the Mission—not Hilt—bears the uncertainty of the amount of damages.

When "the existence of damage is certain, and the only uncertainty is as to its amount, . . . the

burden of uncertainty as to the amount of damage is upon the wrongdoer."  Boyce v. Soundview

Tech. Grp., Inc., 464 F.3d 376, 391 (2d Cir. 2006).  Indeed, the Mission argues that the Court

should have used fair market value to estimate damages, but the Mission did not present any

evidence of the fair market value of any items for the Court to rely upon. As the Court stated in

its July 22 bench ruling, PX 49, 54, and 57 were the only admitted evidence of the cost of

additional work performed pursuant to Section 10.3 of the contract. Moreover, the Court did not

rely on PX 57 in determining damages, which it specifically concluded was less reliable than PX

49 and 54—of those three exhibits, the Court relied only on PX 54, which the Court found

provided a sufficiently "stable foundation for a reasonable estimate" of damages. Tractebel

Energy Mktg., Inc. v. AEP Power Mktg., Inc., 487 F.3d at 111.

Therefore, the Mission's motion for reconsideration is DENIED.

**CONCLUSION**

Accordingly, the Clerk is directed to enter judgment in accordance with the following:

1.      Granting judgment in favor of Hilt Construction & Management Corp. (i) on its breach of contract claim, and awarding damages on that claim in the amount of $100,335.62, which includes $75,000 plus $25,335.62 in prejudgment interest; and (ii) dismissing The Permanent Mission of Chad to the United Nations in New York's breach of contract counterclaim;

2.      Granting judgment in favor of The Permanent Mission of Chad to the United Nations in New York dismissing Hilt Construction & Management Corp.'s quantum meruit and account stated claims.

The Clerk is also directed to terminate the letter-motion (Doc. #78) and close this case.

Dated: August 6, 2019
     White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge