UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HILT CONSTRUCTION & : 
MANAGEMENT CORPORATION, :
                          Plaintiff, :  **MEMORANDUM OPINION**
: **AND ORDER**
v. :
: 16 CV 6421 (VB)
THE PERMANENT MISSION OF CHAD TO :
THE UNITED NATIONS IN NEW YORK, :
                          Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

      The Court presided over a bench trial in this matter from June 17 to June 21, 2019. On July 22, 2019, the Court stated on the record its findings of fact and conclusions of law. The Court held (i) Hilt Construction & Management Corp. ("Hilt") was entitled to judgment on its breach of contract claim and awarded Hilt $75,000 in damages; (ii) Hilt was entitled to judgment on The Permanent Mission of Chad to the United Nations in New York's (the "Mission") breach of contract counterclaim; and (iii) the Mission was entitled to judgment on Hilt's quantum meruit and account stated claims.

      Following the Court's bench ruling, Hilt indicated that it sought prejudgment interest on its breach of contract claim. The Court thus ordered subsequent letter-briefing regarding Hilt's request. On August 6, 2019, by Memorandum Opinion and Order, the Court granted Hilt's request for prejudgment interest and denied the Mission's post-trial motion to amend, which the Mission asserted in opposition to Hilt's request. (Doc. #79). The Court then directed the Clerk to enter judgment (i) in favor of Hilt on its breach of contract claim for a total of $100,335.62, including $75,000 in damages plus $25,335.62 in prejudgment interest, and in favor of Hilt on

1

the Mission's breach of contract counterclaim; and (ii) in favor of the Mission on Hilt's quantum meruit and account stated claims. The Clerk entered judgment on August 7, 2019. (Doc. #80).

On August 15, 2019, Hilt filed a motion for reconsideration of the Court's August 6, 2019, Memorandum Opinion and Order. (Doc. #82). However, it is clear from the contents of Hilt's motion papers that Hilt seeks to alter or amend the August 7 judgment pursuant to Fed. R. Civ. P. 59(e), and not just reconsideration of the issues decided on August 6. The Mission opposed Hilt's motion in a two-page letter and sought a pre-motion conference regarding its application for sanctions. The Court denied the Mission's request for a pre-motion conference.

For the following reasons, Hilt's motion to alter or amend the August 7 judgment is DENIED. The Mission's motion for sanctions is likewise DENIED.

The Court assumes the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

I. <u>Motion to Alter or Amend the August 7 Judgment</u>

Hilt argues the Court should alter or amend the August 7 judgment to correct clear error and prevent manifest injustice.

The Court disagrees.

The legal standards governing motions for reconsideration and motions to alter or amend a judgment are "essentially the same." <u>Fischman v. Mitsubishi Chem. Holdings Am., Inc.</u>, 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) (internal quotation omitted). Thus, to prevail on a motion to alter or amend a judgment, "the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, 154 F. Supp. 2d 696, 701

(S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see S.D.N.Y. L. Civ. R. 6.3. Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (internal citation omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. Pro Bono Invs., Inc. v. Gerry, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008) (collecting cases).

Before discussing Hilt's arguments, the Court notes three fundamental problems with Hilt's submission. First, Hilt perplexingly fails to cite or refer to the trial transcript or to the Court's findings of fact and conclusions of law. See Robinson v. Ballard, 2019 WL 4686355, at *3 (N.D.N.Y. Sept. 26, 2019) (denying motion for new trial because movant failed to cite to trial transcript or record). Indeed, Hilt's submission is rife with "unsupported contentions." Id. Second, Hilt appears to have attached to its submission numerous documents that were not admitted into evidence at trial. Nor does Hilt argue this evidence was newly discovered. See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (describing standard for considering newly discovered evidence under Fed. R. Civ. P. 60(b)(2)); Wtulich v. Filipkowska, 2019 WL 2869056, at *2 (E.D.N.Y. July 3, 2019) ("Under both Rule 59 and Rule 60(b)(2), the standard for assessing a claim of newly discovered evidence is the same"). And third, Hilt's arguments largely re-state those that the Court previously considered and rejected in its findings of fact and conclusions of law. These problems alone warrant denial of Hilt's motion.

Hilt's motion fails on the merits as well. First, Hilt argues the Court erred by failing to consider evidence of additional work performed by Hilt—specifically, evidence contained in PX 54.[1] The Court rejects Hilt's argument. The contract does not entitle Hilt to compensation merely because Hilt performed additional work. Rather, there are two contractual provisions that allow for a shift in compensation: (i) Section 10.1, which applies when there are written change orders; and (ii) Section 10.3, which applies when the parties encounter "concealed or unknown physical conditions at the site that differ materially from those indicated in the Contract Documents or from those conditions ordinarily found to exist." (PX 3 at 9).

Further, Hilt states throughout its motion that the items in PX 54 constitute so-called additional work under Section 10.1. But the Court explicitly found and concluded that PX 54 does not constitute a change order under Section 10.1, and that Hilt had not submitted any credible evidence of other written change orders. Hilt also states offhandedly that the items in PX 54 constitute additional work under Section 10.3. But the Court previously analyzed whether the items in PX 54 constituted concealed or unknown conditions under Section 10.3 and, in fact, concluded some (but not all) items qualified. Thus, Hilt's argument—to the extent one perfunctory remark can be considered an argument—constitutes a mere disagreement with the Court's decision.

In addition, Hilt's argument relies on the proposition that the items listed in PX 54 "were neither discussed in the Architect's drawings nor indicated in the itemized breakdown [attached to the parties' original contract]." (Doc. #82 at 5). However, the Court found and concluded that

---

[1] Hilt's itemized breakdown of PX 54 inexplicably includes twenty-five items, whereas PX 54 includes only twenty-four.

several of the items in PX 54 were included in the original contract, including plumbing drain and supply lines, electrical wiring, and a retaining wall at the edge of the pool.

Indeed, Hilt appears entirely to have disregarded the Court's findings of fact and conclusions of law. Hilt ignores that the Court did find and conclude that Hilt was entitled to compensation for work performed pursuant to Section 10.3 of the contract, including for demolition and asbestos removal; construction of a structural beam; insulation of the terrace, walls, and ceilings; and waterproofing of the exterior walls, all for which Hilt asks to be compensated in the instant motion. Hilt also argues it is entitled to reasonable overhead and profit, yet the Court explicitly factored reasonable overhead and profit into its damages award.

Second, Hilt argues the Court should not have deducted the cost of the windows from the damages award because Hilt could have bought the windows if the Mission had paid Hilt the remaining $391,476 on the contract. Hilt's argument is meritless. Section 10.3 provides for "equitable adjustment" of the contract sum. (PX 3 at 9). Hilt fails to explain how its ability to pay for windows had the Mission given it additional money should affect the equitable adjustment of the contract price. To the contrary, according to Hilt's own request for payment, Hilt had already been paid $183,100 for the windows, which Hilt never installed. Thus, the Court is hard-pressed to understand why Hilt should be paid a second time for work it did not complete.

Accordingly, the Court will not alter or amend the August 7 judgment.

II. Sanctions

The Court will not sanction Hilt at this time.

"Sanctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support,

or are otherwise frivolous." Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012) (quoting Fed. R. Civ. P. 11(b)-(c)). Courts have broad discretion in determining whether to impose sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 407 (1990). Indeed, "[e]ven if the district court concludes that the assertion of a given claim violates Rule 11, . . . the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004).

"In deciding whether the signer of a pleading, motion, or other paper has crossed the line between zealous advocacy and plain pettifoggery, the court applies an objective standard of reasonableness." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991) (citing Bus. Guides, Inc. v. Chromatic Commc'ns Enters., 498 U.S. 533, 549–50 (1991)). Courts consider the following non-exclusive factors in deciding whether to impose sanctions:

> (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) what effect it had on the litigation process in time or expense; (6) whether the responsible person is trained in the law; [and] (7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case.

Vanacore v. Vanco Sales LLC, 2017 WL 2790549, at *6 (S.D.N.Y. June 27, 2017) (internal quotation and alteration omitted). "Rule 11 sanctions should be imposed with caution, resolving all doubts in favor of the party facing sanctions." Id. (internal quotation omitted).

Here, Hilt's motion for reconsideration borders on frivolous, in particular because Hilt failed to cite to the trial transcript, submitted new evidence not considered at trial, and raised arguments previously asserted and rejected by this Court. Nevertheless, there is no suggestion Hilt's conduct was part of a pattern of activity or that Hilt has engaged in similar conduct in other litigation. Nor did Hilt's motion have a significant effect on the litigation process in time

6

or expense, as the motion did not delay any proceedings and the Mission merely submitted a two-page letter in opposition. However, if Hilt submits frivolous motions in the future, the Court will consider appropriately sanctioning Hilt.

Accordingly, the Court will not sanction Hilt at this time.

## CONCLUSION

Hilt's motion to alter or amend the August 7, 2019, judgment is DENIED.

The Mission's application for sanctions is DENIED.

The Clerk is directed to terminate the motion (Doc. #82).

Dated: October 16, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge